UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                           :

SHANCHUN YU and RUILI JIN,                    :

                                    Plaintiffs,          :        18-CV-7303 (JMF)

                             -v-                          :        <u>ORDER</u>

DIGUOJIAOYU, INC. d/b/a DIGUO EDU, et al.,  :

                                   Defendants.      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On April 1, 2019, the Court ordered the parties in this action to "file a proposed Joint Pretrial Order by April 26, 2019." Docket No. 40. The order further directed each party "to file and serve along with the proposed Joint Pretrial Order all required pretrial filings, including motions addressing any evidentiary issues or other matters that should be resolved *in limine*; and joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions." *Id.* On April 26, 2019, Plaintiffs — and only Plaintiffs — filed a proposed Joint Pretrial Order and a letter stating that Defendants' counsel had failed to respond to numerous emails and phone calls. Docket Nos. 43 and 44.

      Defendants are hereby ORDERED to show cause **no later than May 7, 2019** why the Court should not sanction them for failure to participate in drafting and filing the proposed Joint Pretrial Order. *See* Fed. R. Civ. P. 16(f), 37(b)(2); *see also, e.g.*, *Martin v. Giordano*, 185 F. Supp. 3d 339, 362 (E.D.N.Y. 2016) (imposing sanctions on counsel for, among other things, failure to "exchange materials with [opposing counsel] that would enable either party to meet" the court's deadline to file a joint pretrial order); *Mok v. 21 Mott St. Rest. Corp.*, No. 14-CV-8081 (PKC), 2017 WL 213807 (S.D.N.Y. Jan. 18, 2017) (same, for final pretrial submissions). Defendants and defense counsel presumably need no reminder that they were recently warned by

the Court about sanctions, *see* Docket No. 34, and are presently subject to a pending motion for sanctions, *see* Docket No. 45; Docket No. 42 (noting that Defendants' discovery responses appear at first blush to be "egregiously inadequate for many reasons").

Without implying the least equivalence between the parties' lapses, Plaintiffs' submissions also fail to comply with the Court's Order of April 1, 2019 and its Individual Rules and Practices in Civil Cases. Specifically, Plaintiffs' proposed order does not include a "brief summary of the substance of each witness's testimony" (Individual Rule 5(A)(x)); a list of exhibits to be used in their case-in-chief (Individual Rule 5(A)(xii));[1] or a *sufficient* explanation of "the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages" (Individual Rule 5(A)(xiii)). Most conspicuously, Plaintiffs' proposed order omits the "joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions" required by Individual Rule 5(B) and 5(D), and which were explicitly referenced in the Court's Order of April 1, 2019. With the understanding that Defendants did not participate in drafting these materials, Plaintiffs should have submitted them anyway (as they did with the proposed Joint Pretrial Order itself). **By May 6, 2019,** Plaintiffs shall re-submit the joint pretrial materials with the missing items described above.

SO ORDERED.

Dated: April 30, 2019
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] The May 3, 2019 deadline identified in the Court's Order of April 1, 2019 is for submission of electronic copies of the exhibits sought to be admitted at trial. *See* Docket No. 40. It does not relieve a party of its obligation to submit a list of exhibits as part of the proposed Joint Pretrial Order.

2