UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
              :
SHANCHUN YU and RUILI JIN,             :
              :
              Plaintiffs,         :
              :     18-CV-7303 (JMF)
     -v-            :
              :     ORDER
DIGUOJIAOYU, INC. d/b/a DIGUO EDU, et al.,    :
              :
              Defendants.   :
              :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 23, 2019, Plaintiffs filed a letter-motion seeking to compel Defendants to produce discovery materials responsive to the requests for production that Plaintiffs served on Defendants on December 19, 2018. *See* Docket Nos. 23, 58. Plaintiffs' counsel also reports that he has been the subject of harassing "reviews" by Defendants, in violation of the Court's Order of April 1, 2019, *see* Docket No. 40, and requests that the Court renew its order directing Defendants' counsel to advise his clients to refrain from such conduct immediately.

The motion to compel production of documents is DENIED. As Plaintiffs acknowledge, they have already sought this very same relief — and recently at that, *see* Docket Nos. 45, 54 — and the motion is fully submitted, as the Court deemed it unopposed following Defendants' failure to respond. Docket No. 57, at 2 n.1. Accordingly, that portion of Plaintiffs' motion is denied as duplicative, and Defendants need not file a response.

As to the alleged harassment, counsel's letter provides almost no information about the "two reviews" in question, much less evidence of them (which counsel could have easily submitted as exhibits to the letter-motion). Without more information, the Court has no basis to act. Plaintiffs are right to point out, however, that counsel for Defendants never filed a letter on the docket confirming that he had provided a copy of the Court's Order of April 1, 2019 to his

clients, constituting — yet again — a violation by defense counsel of one of this Court's orders. *See* Docket No. 40 ("Defense counsel shall immediately provide a copy of this Order on Defendants and, no later than April 5, 2019, file a letter confirming that he has done so.").

Accordingly, once again, the Court hereby **ORDERS** counsel for Defendants to advise Defendants as follows:

> Defendants shall not communicate with Plaintiffs or Plaintiffs' counsel except through defense counsel and shall not, directly or indirectly, threaten Plaintiffs or Plaintiffs' counsel. Violation of these prohibitions may result in a finding of contempt and/or the imposition of sanctions.

**Counsel for Defendants shall file a letter, no later than May 30, 2019, confirming that he has provided a copy of this Order to Defendants.** Needless to say, counsel's timely compliance or non-compliance with this Order will weigh in the Court's analysis of what sanctions to impose on him for his other violations of court orders. *See* Docket Nos. 51, 57. A failure to comply may result in the imposition of sanctions in its own right.

The Clerk of Court is directed to terminate Docket Nos. 52 and 58.

SO ORDERED.

Dated: May 28, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2