```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
SHANCHUN YU and RUILI JIN,                          :
                                                    :
                            Plaintiffs,             :
                                                    :        18-CV-7303 (JMF)
              -v-                                   :
                                                    :        ORDER STRIKING
DIGUOJIAOYU, INC. d/b/a DIGUO EDU, et al.,          :        ANSWER AND
                                                    :        ENTERING DEFAULT
                            Defendants.             :        JUDGMENT
                                                    :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In an Order entered on December 6, 2019, the Court ordered Defendants "to show cause by Friday, December 13, 2019, why the Court should not strike their Answer and enter default judgment in Plaintiffs' favor" based on Defendants' repeated failures to comply with this Court's orders and to fulfill their discovery obligations. ECF No. 68. Defendants did not file anything by the December 13th deadline.

Accordingly, based on the record and reasons set forth in the Court's Opinion and Order entered on November 20, 2019, ECF No. 64, and in the December 6th Order to Show Cause, ECF No. 68, it is hereby ORDERED, ADJUDGED, and DECREED, that the Court STRIKES Defendants' Answer filed on March 29, 2019, *see* ECF No. 39, and enters a DEFAULT JUDGMENT in favor of Plaintiffs on all claims. (Notwithstanding the foregoing, the Clerk of Court need not remove the Answer from the docket.) In light of the Court's prior rulings, the Court finds that no sanction less severe than that will be effective in securing compliance with the Court's orders and that there is no way, absent Defendants' cooperation, to proceed with this litigation. *See, e.g.*, *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 452-53 (2d Cir. 2013) (upholding a district court's entry of default judgment in the plaintiff's favor where, after multiple warnings that "serious sanctions" were imminent, the defendant repeatedly and willfully

disobeyed the court's discovery orders); *Silverman & Silverman, LLP v. Pacifica Found.*, No. 11-CV-1894 (FB) (RML), 2014 WL 3724801, at *1 (E.D.N.Y. July 25, 2014) (adopting a report and recommendation to strike the answer and enter default judgment against the defendant for its repeated failure to comply with the court's discovery orders); *Chanel, Inc. v. Kouzniakova*, No. 06-CV-0068 (SLT) (KAM), 2007 WL 674757, at *4 (E.D.N.Y. Mar. 5, 2007) (striking the answer of a corporate defendant because the corporation's "purported representative refuse[d] to assist counsel with the defense of [the] action").

After the entry of default judgment, "[u]nless damages are certain, they must be proven in a post-default inquest where the defendant has an opportunity to contest the plaintiff's claims." *Norcia v. Dieber's Castle Tavern, Ltd.*, 980 F. Supp. 2d 492, 500 (S.D.N.Y. 2013). Given the nature of Plaintiffs' claims, which sound in fraud, defamation, unjust enrichment, and other deceptive acts, *see* ECF No. 32, and which are not yet corroborated with supporting affidavits or records, the Court finds that Plaintiffs' damages are far from certain at this stage. Accordingly, by separate order issued later today, the Court will refer this case to the assigned Magistrate Judge for an inquest on the issue of damages. Plaintiffs are directed to contact the chambers of the Magistrate Judge **no later than January 3, 2020**, to schedule an inquest.

Finally, in the Court's Opinion and Order entered on November 20, 2019, the Court ordered Defendants and defense counsel Leonard X. Gillespie, "jointly and severally, to reimburse Plaintiffs for the fees and costs they incurred as a result of Defendants' lapses" regarding discovery and preparing the parties' joint pretrial submissions. *See* ECF No. 64, at 12. Plaintiffs subsequently submitted proof of those costs, *see* ECF Nos. 65, 69, and Defendants had until December 16, 2019, to oppose Plaintiffs' submissions, *see* ECF No. 67. Defendants did not file an opposition to Plaintiffs' submissions by the December 16th deadline. Accordingly, and based upon a review of Plaintiffs' submissions, *see* ECF No. 69; *see also* ECF No. 64, at 12, the Court **awards Plaintiffs a total of $8,595.00 in sanctions** from Defendants and Mr. Gillespie.

Defendants and Mr. Gillespie, jointly and severally, shall pay that award **within thirty days of the date of this Order** or face additional sanctions.

    SO ORDERED.

Dated: December 17, 2019
       New York, New York

                                            JESSE M. FURMAN
                                        United States District Judge