UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
:
SHANCHUN YU and RUILI JIN,                                         :
:      18-CV-7303 (JMF)
            Plaintiffs,                                            :
:      ORDER ADOPTING
            -v-                                                    :      REPORT AND
:      RECOMMENDATION
DIGUOJIAOYU, INC. d/b/a DIGUO EDU, et al.,                         :
:
            Defendants.                                            :
:
------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

    This case was referred to Magistrate Judge Ona T. Wang for an inquest on the issue of damages. *See* Docket No. 71. In the Report and Recommendation filed on September 30, 2022, Magistrate Judge Wang recommended that Plaintiff Yu be awarded $45,000.00 in compensatory damages, Plaintiff Jin be awarded $45,000.00 in compensatory damages, that Plaintiffs not be awarded any punitive damages, that Plaintiffs be awarded $5,284.00 in attorney's fees, and that Plaintiffs' request for post-judgment interest be granted. *See* Docket No. 95.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  *See* Docket No. 95.  In addition, the Report and Recommendation expressly called parties attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, both parties waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.

The Report and Recommendation states that Plaintiffs did not provide materials to Magistrate Judge Wang properly listing or identifying the work done to accrue the requested $8,595.00 in attorney's fees incurred before December 17, 2019, and therefore recommends that Plaintiffs only receive the $5,284 in attorney's fees incurred after December 17, 2019.  This Court already awarded Plaintiffs a sum of $8,595.00 in attorney's fees as sanctions against Defendants and Mr. Gillespie, jointly and severally, on December 17, 2019.  *See* Docket No. 72.  Therefore, Plaintiffs were due no additional attorney's fees for work done before December 17, 2019.

Accordingly, the Report and Recommendation is ADOPTED in its entirety.  The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: October 19, 2022
      New York, New York

                                      JESSE M. FURMAN
                                      United States District Judge